**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DEVONTA B. MILLER,**

**Plaintiff,**

v.

**CORIZON,**

**Defendant**

Case No. 22-3225-JWL-JPO

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner held in the Shawnee County Jail, Topeka, Kansas, proceeds pro se. His fee status is pending.

### Nature of the Complaint

The complaint names Corizon as the sole defendant. Plaintiff alleges that on September 9, 2022, a nurse asked him whether he took medications. After an exchange between the two, plaintiff states the nurse gave him medication, which he took. Plaintiff claims the medication made his legs kick. He asserts a violation of the Eighth Amendment and seeks damages.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

The court has conducted an initial review of the complaint and has identified the following defects. Plaintiff will be given an opportunity to show cause why this action should not be dismissed or, in the alternative, to file an amended complaint that cures the defects.

### Failure to name a proper defendant

First, plaintiff has not named a proper defendant. The named defendant, Corizon, is a private corporation that contracts with Shawnee County to provide medical care to prisoners at the Shawnee County Jail. While Corizon may be considered as a person acting under color of state law for purposes of an action under § 1983, it may not be held liable based upon respondeat superior, that is, solely because it employs a person whose actions violated the Constitution. *See Rascon v. Douglas,* 718 Fed.Appx. 587, 589–90 (10th Cir. 2017); *Spurlock v. Townes*, 661 Fed.Appx. 536, 545 (10th Cir. 2016).

Rather, in the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of some sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)." *Wishneski v. Andrade*, 572 Fed.Appx. 563, 567 (10th Cir. 2014)(unpublished)(citations omitted). Therefore, to proceed against Corizon, plaintiff must allege an official policy of the corporation that is the "moving force" behind the alleged violation of his constitutional rights. *Monell*, 436 U.S. at 694-95.

To proceed under this theory, plaintiff must show that a Corizon official who created the challenged policy or custom acted with deliberate indifference with respect to plaintiff or persons in his position or that the policy or custom was deliberately indifferent to a risk of serious harm to plaintiff or persons in his position. *Khan v. Barela*, 808 Fed.Appx. 602, 619 (10th Cir. 2020); *see also Spurlock*, 661 Fed.Appx. at 546 (dismissing claim against prison corporation for lack of evidence that the corporation was on notice that its policy was substantially certain to result in a constitutional violation and consciously or deliberately chose to disregard it).

Plaintiff has not alleged the existence of such a policy or custom.

**Failure to state a claim under the Eighth Amendment**

It is not clear whether plaintiff is in pretrial detention or is serving a sentence. If plaintiff is a convicted prisoner, his right to medical care is secured by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). If he is a pretrial detainee, the right is secured by the Due Process Clause of the Fourteenth Amendment. *See Burke v. Regalado*, 935 F.3d 960, 992 (10th Cir. 2019) ("The constitutional protection against deliberate indifference to a pretrial detainee's serious medical condition springs from the Fourteenth Amendment's Due Process Clause."). However, despite a prisoner's status, the governing standard is the same, namely, the plaintiff must show that a defendant official's deliberate indifference to a prisoner's serious medical needs violated the Constitution. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(Eighth Amendment) and *Paugh v. Uintah Cnty.,* 47 F.4th 1139 (10th Cir. 2022)(Fourteenth Amendment).

The deliberate indifference standard has both an objective and a subjective component. First, the denial of medical care must concern an objectively serious medical need. *Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005). Next, the subjective component requires a showing that the defendant official both knew of and disregarded an excessive risk to the prisoner's health or safety. *Id*.

While plaintiff alleges that the medication he was given caused his legs to kick, he does not specify how long this occurred and does not identify any resulting injury. Likewise, plaintiff has not provided any facts that suggest the nurse, who has not been identified as a defendant, acted with the requisite state of mind in dispensing the medication. Accordingly, plaintiff has not properly alleged a claim of deliberate indifference.

**Order to show cause**

For the reasons set forth, the court will direct plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. In the alternative, plaintiff may submit an amended complaint that cures the defects described in this order.

If plaintiff submits an amended complaint, he must use the court-approved form. In order to add claims or significant factual allegations, or to change defendants, he must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the amended complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action, 22-3225, on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). He must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

THE COURT THEREFORE ORDERS that on or before **October 31, 2022**, plaintiff shall show cause why this matter should not be dismissed or shall submit an amended complaint. The failure to file a timely response may result in the dismissal of this matter for failure to state a claim for relief without additional notice.

IT IS SO ORDERED.

Dated: October 3, 2022                          /s/ John W. Lungstrum
                                                JOHN W. LUNGSTRUM
                                                UNITED STATES DISTRICT JUDGE